UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEON GREEN and WALDO TEJADA, *on behalf of themselves and all others similarly situated*, | : : : : |
| Plaintiffs, | : CASE NO. 3:19-cv-1896 (JAM) |
| v. | : : |
| RXO LAST MILE, Inc., | : : |
| Defendant. | : |

ORDER

Plaintiffs, Leon Green and Waldo Tejada, seek to compel Defendant, RXO Last Mile, Inc., to comply with its obligation to provide a class list of delivery drivers so that Plaintiffs can send out the required notice for this class action lawsuit. [Dkt. #141] Plaintiffs argue that in support of their previous motion for class certification, Plaintiffs identified about 275 contractors who met the class definition. However, after the class was certified and Plaintiffs requested a class list from Defendant to enable Plaintiffs' counsel to contact the class members, Defendant only provided a proposed list of fifty-eight contractors. Plaintiffs also seek to approve the proposed class notice so that they can send it to the class members. The main dispute centers around the Court's use of the phrase "in Connecticut" when defining the class. For the reasons below, this Court GRANTS the plaintiffs' motion.

I. Legal Standard:

"There are no rigid rules to determine the adequacy of notice in a class action, the standard is generally that of reasonableness." *In re Merrill Lynch Tyco Rsch. Sec. Litig.*, 249 F.R.D. 124, 132–33 (S.D.N.Y. 2008). Notice need not be perfect, but need be only the best notice practicable

1

under the circumstances, and each and every class member need not receive actual notice, so long as class counsel acted reasonably in choosing the means likely to inform potential class members. *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988). Courts in this circuit prefer to "err on the side of comporting with due process and providing broad notice rather than unnecessarily increasing the risk of absent plaintiffs being bound by judgment in class actions about which they did not know." *In re Amla Litig.*, 328 F.R.D. 127, 133–34 (S.D.N.Y. 2018) (citation omitted).

II. <u>Discussion</u>:

On September 22, 2022, the Honorable Jeffrey A. Meyer granted Plaintiffs' motion for class certification. [Dkt. #109] The class was defined as:

> All individuals who personally or on behalf of their business entity, signed a Delivery Service Agreement with [RXO] and who personally performed deliveries for [RXO] full-time in Connecticut between November 2017 and the present.

"Full-time" is defined as "personally making deliveries at least 80 percent of the days [RXO] assigns routes to the contractor," and restricted the class to contractors "who generally did so for at least 12 consecutive weeks, and who averaged at least four days a week of work for [RXO]." [Dkt. #109]

On October 4, 2022, Plaintiffs provided Defendant with a proposed notice to the class and requested a class list. Defendant produced a class list identifying fifty-eight contractors who performed 100% of their deliveries in Connecticut. Defendant took the position that the remaining contractors do not belong in the class. [Dkt. #141 at 2] Plaintiffs argue that "class members contract with RXO (either personally or on behalf of a business entity), execute Delivery Service Agreements, work full-time for RXO personally performing deliveries, and perform deliveries in

Connecticut during the relevant time period." [Dkt. #141 at 3] Plaintiffs note that contractors need not work 100% of their time in Connecticut for the Connecticut wage laws to apply to them. [Dkt. #141 at 3] Plaintiffs contend that the class that was certified is not overbroad. Furthermore, Plaintiffs argue that class notice needs to only be the best notice practicable under the circumstances and class notice should not be withheld simply because some recipients of the notice may not ultimately be found to members of the class.

Defendant argues that Plaintiffs' interpretation is overly broad and incorrect, and argues that the phrase "in Connecticut" modifies "full-time." Defendant contends that class membership should be limited to those individuals who, as the class definition states, performed deliveries "full-time *in Connecticut*." [Dkt. #143 at 1] Defendant's interpretation only requires that an individual must meet the "full-time" criteria with respect to *Connecticut* deliveries. Defendant further argues that failing to respect the "in Connecticut" qualifier runs afoul of traditional choice of law principles because Plaintiffs' interpretation creates a real risk that many of the class members would be able to recover under Connecticut law despite having attenuated relationships with the state. [Dkt. #143 at 9-10] Defendant expresses concern about the potential for double recovery by individuals who might be a part of the Connecticut case and the pending identical case in Massachusetts. [Dkt. #143 at 11-12]

This Court prefers to err on the side of comporting with due process and providing broad notice to the class members. *See In re Amla*, 328 F.R.D. at 133–34. While each of the competing interpretations is reasonable, this Court would prefer for non-class members to receive notice rather than for class members to not receive it. The Court is concerned that Defendant's interpretation of the class definition significantly limits the class of contractors, and that rightful members of the class may not receive notice. In addition, this Court believes that the arguments

presented by Defendant should have been asserted at the pre-class certification phase, because at that time, Defendant knew Plaintiffs anticipated having a class list of over 200 contractors.

The Court also notes that Defendant is engaged in similar litigation in Massachusetts where the plaintiffs in that case are represented by the same counsel who represents the Plaintiffs in this litigation. *See Muniz v. RXO Last Mile, Inc.*, No. 4:18-cv-11905-TSH, 2023 WL 3868391, at *1 (D. Mass. June 7, 2023). In the Massachusetts case, plaintiffs filed a similar motion to compel the class list and Defendant presented substantially similar arguments. The Honorable Timothy Hillman granted in part and denied in part the motion. Judge Hillman rejected the defendant's argument that "in Massachusetts" was a modifier of "full-time" and found that it was too restrictive of an interpretation. *Muniz*, 2023 WL 3868391, at *3. Instead, Judge Hillman found that the definition of "in Massachusetts" meant:

> An individual who reported to a facility in Massachusetts more often than to a facility in any other state for at least four weeks during the class period OR who made at least 60% of their deliveries in Massachusetts for at least four weeks during the class period.

*Id.* While this Court will not define what Judge Meyer meant by "in Connecticut," the Court believes Judge Meyer would err on the side of comporting with due process and providing broad notice to the class members.[1] *See In re Amla*, 328 F.R.D. at 133–34. Thus, using the interpretation that Defendant requests would not comport with due process. Therefore, this Court grants Plaintiffs' motion to compel the class list.

The Court has also reviewed the proposed class notice submitted by Plaintiffs and Defendant. Defendant asserts that both parties have a redline version of the notice that they agreed

---

[1] The Court notes that Defendant is concerned about double recovery for contractors who worked in Massachusetts and Connecticut. However, it appears that the definition of "in Massachusetts" that Judge Hillman applied would preclude any Connecticut contractors from being class members in the Massachusetts action if they worked more often in Connecticut than in Massachusetts.

4

to on November 3, 2022. [Dkt. #143 at 13-14] Plaintiffs have no objection to this revised notice. [Dkt. #149 at 5] Therefore, this Court approves the form of class notice that Defendant attached to its objection.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this **4th day** of **August**, 2023 at Hartford, Connecticut.

/s/

Robert A. Richardson
United States Magistrate Judge